## Amanda C. Goodman, Appellant, v. Fruit Growers' Refrigerator and Power Co., Appellee.

MASTER AND SERVANT—*test of liability*. The real test of the master's liability is whether the act which caused the injury was committed by the master's authority expressly averred or fairly implied from the nature of the employment, and the duties incident to it. For all acts done under express authority as well as for all acts done by the servant in the execution of the master's business within the scope of his employment the master is responsible.

Action in case for personal injuries. Appeal from the Circuit Court of Union county; the HON. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed November 11, 1911. Rehearing denied April 3, 1912.

JAMES LINGLE, for appellant.

A. NEY SESSIONS, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

A jury in this case found the appellee not guilty and the court rendered judgment on the verdict.

Appellant charged in her declaration that appellee was the owner and possessed of a telephone pole on South street in the city of Anna; that the pole was in close proximity to the sidewalk in front of a lot known as the Peelar property at or near its front gate; that by its servants or agents it removed the pole whereupon it was the duty of appellee to refill the hole made by the removal of the pole or safely cover it within a reasonable time; that it failed in said duty and negligently permitted the hole to remain unfilled, uncovered and unprotected; whereby appellant while in the exercise of reasonable care for her own safety, fell into the hole and was injured.

The errors assigned by appellant and urged in her

argument are that the court erred in not granting a motion for new trial on the ground that the verdict was against the weight of the evidence, and in giving instructions asked by appellee and in modifying an instruction asked by appellant.

On the morning of January 30, 1908, appellant left the home of her sisters in the city of Anna to take a train. The dwelling she left was located on the south side of South street. A little west of the center of the property a small gate opened on the sidewalk. Between the sidewalk and the traveled part of the street was a grass covered slope. When appellant passed through the gate she found the sidewalk slippery from a coating of ice and started to walk down the slope in a northwest direction from the gate, when at her first or second step her foot went into an uncovered hole resulting in a severe sprain of her ankle and limb. The ligaments of the ankle were ruptured and the injury was severe and painful.

Appellee in support of its plea of not guilty denied responsibility for the hole complained of; that it had no pole at the place of the hole and removed none from there. The evidence upon the issue so made was in conflict. Several witnesses testify there had been three poles along the block on the south side of the street that had been removed and some of the witnesses locate a pole at the point about where appellant stepped in the hole. No witness testifies to seeing any pole removed from the place where the hole was about in front of the gate in which appellant stepped. It was sought by appellant to prove by a witness Ernest Oliver that he removed that pole. He testified that he and one Mattingly (since dead) took up the poles along the south side of the street in 1907 but says they removed no pole at the place where the hole was, but that it was between seventeen and nineteen feet east of the gate. This witness testified he and Mattingly were at the time employed by appellee and on being recalled he stated that

one Davis, a foreman of appellee, directed him to re-
move the poles on the south side of the street. Several
other witnesses testify to the location of the three poles
on that side of the street that were removed, and locat-
ed the pole the removal of which it is charged left the
hole in which appellant stepped, in front or very near
in front of the gate through which she walked.

A. A. Fasig testified that the Electric Light Com-
pany which was succeeded by appellee never had any
poles on the south side of the street and that the poles
there belonged to the telephone company and the elec-
tric light poles were on the north side of the street.

The evidence was conflicting upon the question
whether the hole stepped into by appellant was caused
by the removal of a pole by Oliver. While the weight
of the testimony tends to show the location of the pole
was in front of the gate he testifies he removed no pole
from that place, but the pole he removed was seventeen
or nineteen feet east of the gate. If he is correct about
this the hole appellant stepped in was not occasioned
by Oliver removing the pole.

The real test of the master's liability is whether the
act which caused the injury was committed by the mas-
ter's authority expressly conferred, or fairly implied
from the nature of the employment and the duties in-
cident to it.

For all acts done under express authority as well as
for all acts done by the servant in the execution of the
master's business within the scope of his employment
the master is responsible.

"The servant's acts do not bind the master in the
absence of express authority where they are such as
the master himself could not lawfully do in furtherance
of his business; and authority to do an act which the
master could not lawfully do himself will not be implied
unless such an inference is warranted from the nature
of the act itself. * * * But for all acts done within the
scope of his authority, whether express or by fair im-

plication, the master is liable however erroneous or mistaken the action of the servant may be." (Woods Law of Master and Servant, 2nd Ed., sec. 285.)

There was no evidence of any express authority given to Davis by appellee to remove the poles on the south side of the street and in the light of the evidence tending to show that the poles were not the poles of appellee and that appellee could not lawfully remove the poles, we are of the opinion the verdict should be sustained upon the question of the alleged liability of appellee for the act of Davis in directing the removal, as well as upon the question whether Oliver removed a pole at the place where the accident occurred, and there was no error in refusing to grant a new trial on the ground the verdict was against the weight of the evidence.

Appellant's argument on instructions deals only with the action of the court in giving instruction number 18 asked by appellee, and in modifying number 9 asked by appellant.

Instruction number 18 told the jury that the defendant would not be liable if the servant causing the injury was not acting within the scope of his employment. It stated a correct rule of law as applicable to the evidence and was not objectionable. The matter complained of as being objectionable in the modification of the 9th instruction was contained in the 8th asked and given for appellant and appellant cannot complain of the action of the court in modifying number 9. While appellant does not discuss the other instructions in her argument which is the proper place for such discussion yet under what she denominates "Statement of the Case" she has pointed out and criticised alleged defects in other given instructions and criticised the action of the court in the refusal of others. We have examined all of such instructions and rulings and find there was no error in the ruling of the court and the jury was fairly and correctly instructed.

Finding no substantial error the judgment will be affirmed.

*Affirmed.*